UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LEO MARTINEZ-MARTINEZ,<br><br>Defendant. | No.  2:13-cr-00024-TLN<br><br>**ORDER** |

On April 28, 2016, Defendant Leo Martinez-Martinez ("Defendant") filed a motion with this Court seeking to reduce his sentence pursuant to Retroactive Amendment 782 of United States Sentencing Guideline ("U.S.S.G.") § 1B1.10 and 18 U.S.C. § 3582(c)(2).  (ECF No. 76.) On September 1, 2016, the United States filed an opposition to Defendant's request.  (ECF No. 80.)  The Court has considered the arguments set forth by the parties and finds that Defendant's request for a sentence reduction is denied.

**I.    BACKGROUND**

On October 24, 2013, Defendant pled guilty to Count 1 of the Indictment, charging Conspiracy to Distribute and to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 846 and 841(a)(1).  (Presentence Report, ECF No. 43 at 1.)  The Presentence Report recommended a base offense level of 36 with a 2-level increase for leadership in the

1

criminal activity and a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 35.  (ECF No 73 at 5–6.)  The Presentence Report also found a criminal history category of 2, resulting in a guideline range of 188 to 235 months in prison.  (ECF No. 73 at 3.)

The Court held a sentencing hearing on July 3, 2014.  (ECF No. 68.)  The Court followed the probation officer's recommendations and found a total offense level of 35, criminal history category of 2, and guideline range of 188 to 235 months imprisonment.  (ECF No. 69.)  The Court imposed a downward variance and sentenced Defendant to 120 months in prison.  (ECF No. 69 at 2.)

## II.    STANDARD OF LAW

The Court follows a two-step approach in determining whether a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2).  *Dillon v. United States*, 560 U.S. 817, 827 (2010).  "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.  Specifically, § 1B1.10(b)(1) requires the court to begin by 'determin[ing] the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing."  *Id.*  "Courts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) ... to a term that is less than the minimum of the amended guideline range' produced by the substitution."  *Id.* (citing § 1B1.10(b)(2)(A)).  *See also U.S. v. Leniear*, 574 F.3d 668, 674 (9th Cir. 2009) (a sentence reduction is not consistent with Guidelines § 1B1.10 if an amendment does not have the effect of lowering the defendant's guideline range).

"At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case."  *Dillon*, 560 U.S. at 827.  "Because reference to § 3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under § 3582(c)(2) into plenary resentencing proceedings."  *Id*.  "§ 3582(c)(2) does not authorize a resentencing.  Instead, it permits a sentence reduction within the narrow bounds

established by the Commission." *Id.* at 831.

### III. ANALYSIS

Effective November 1, 2014, the United States Sentencing Commission adopted Amendment 782, revising the Drug Quantity Table in U.S.S.G. § 2D1.1.  Defendant argues that the amendment applies retroactively to his sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 76 at 1.)  The United States argues that Defendant is not eligible for a reduction because the Court varied downward at sentencing and imposed a sentence lower than the minimum sentence of the amended guideline range. (ECF No. 80 at 3–4.)

Here, imposing the 2-level reduction under Amendment 782 would result in a base offense level of 34.  The 2-level increase for leadership and 3-level reduction for acceptance of responsibility remain.  U.S.S.G. § 1B1.10(b)(1) ("the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.").  Thus, Defendant's total offense level is 33 and criminal history category is 2 resulting in a guideline range of 151 to 188 months in prison.  Accordingly, Defendant is ineligible for a sentence reduction because Defendant's sentence of 120 months is already below the minimum sentence of 151 months under the amended guideline range.

For the reasons set forth above, Defendant's motion to reduce his sentence is hereby DENIED.

IT IS SO ORDERED.

Dated: September 15, 2016

Troy L. Nunley
United States District Judge

3